UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW J PERRON,

        Plaintiff,

v.

JASON F WALKER,

        Defendant.

CASE NO. 3:21-cv-05572-BJR-JRC

ORDER TO SHOW CAUSE AND TERMINATING NOTICE OF DEFICIENCY

This matter is before the Court on referral from the District Court. Plaintiff, who is currently a pretrial detainee in the Grays Harbor County Jail and who proceeds *pro se*, seeks to bring claims against the "Chief Criminal Deputy" of the County. *See* Dkt. 1-1, at 3.

The Court directs the Clerk to terminate the notice of deficiency related to plaintiff's *in forma pauperis* ("IFP") application. Dkt. 4. Plaintiff has adequately provided information about his financial status to comply with the Court's directions.

However, for the reasons discussed herein, plaintiff has failed to provide the Court with a proposed complaint that states a viable claim in support of his IFP motion. Because plaintiff's

proposed complaint fails to state a claim upon which relief can be granted, the Court will offer plaintiff an opportunity to amend his proposed complaint or show cause as to why his complaint should not be dismissed. The Court declines to rule on plaintiff's IFP motion at this time.

Should plaintiff's IFP motion be granted, he will nevertheless be required to make partial payments toward the $350 filing fee. Because at present, it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall renote the IFP motion for the Court's consideration on **October 5, 2021**. Thus, if plaintiff chooses not to proceed with this case before a ruling on his IFP motion, then he will not be required to make partial payments toward the $350 filing fee, which is what he would be required to pay if the Court granted plaintiff's request for *in forma pauperis* status at this time.

## BACKGROUND

Plaintiff states that he has been held in jail since February 24, 2021, without a trial. Dkt. 1-1, at 4. He asserts that this violates his speedy trial rights because he has not signed a waiver of his right to a speedy trial. Dkt. 1-1, at 4.

Plaintiff also appears to assert that defendant is withholding his legal documents. Dkt. 1-1, at 5. The basis for this allegation appears to be that plaintiff has not received any paperwork showing participation in various hearings. *See* Dkt. 1-1, at 6. However, he also states that he has received a scheduling order. Dkt. 1-1, at 6. Plaintiff asserts that this violates his right to due process. Dkt. 1-1, at 7.

Finally, plaintiff argues that his name has been forged on Court documents when he appears via video conference on Zoom. *See* Dkt. 1-1, at 7. It appears to the Court that plaintiff's

claim in this regard is one for violation of due process. Plaintiff requests to have his charges dismissed, to be released from custody permanently, and to receive damages. Dkt 1-1, at 9.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

**I. Habeas Corpus versus § 1983 Action**

The Court first notes that plaintiff's speedy trial and due process claims—to the extent that his due process claims challenge the criminal proceedings against him—must be raised in a habeas corpus petition rather than in a § 1983 complaint.

Plaintiff's proposed complaint contains claims arising under habeas corpus. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. . . . With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cty*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in

contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

Here, plaintiff's speedy trial and part of his due process claims challenge his physical confinement, contending that he is being confined in violation of his rights to speedy trial and due process. These claims may only be properly raised in a § 2241 habeas petition and are not cognizable in this § 1983 action. Plaintiff therefore fails to state a claim upon which relief can be granted.

**II.  *Younger* Abstention**

Regardless of whether this case is filed as a § 1983 action or a habeas petition, the speedy trial claims and the due process claims challenging the proceedings against him are also inappropriate in federal court under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, plaintiff is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, plaintiff has failed to

allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings.  Last, plaintiff raises claims that would effectively enjoin the ongoing state judicial proceeding.  As *Younger* abstention applies to plaintiff's claim, plaintiff's due process and speedy trial claims fail to state a claim upon which relief can be granted.

### III.  Incoming Mail

Finally, plaintiff appears to allege a constitutional violation because defendant is interfering with plaintiff's incoming mail.  Prisoners have "a First Amendment right to send and receive mail."  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).

However, plaintiff fails to include adequate allegations to render his claim plausible.  In fact, the Court is unable to discern whether plaintiff is complaining of the failure of the Superior Court to send him documentation allowing him to "follow" his case or whether plaintiff is claiming that defendant prevented plaintiff from receiving such documentation.  In fact, plaintiff asserts that he did receive at least one item of mail from the Court.  Plaintiff must include additional plausible factual allegations before the Court could find this claim to be cognizable.

Plaintiff should be aware that he must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Sweeping conclusory allegations against an official are insufficient to state a claim for relief.  *Leer*, 844 F.2d at 633.  Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege

the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989). Therefore, plaintiff must specifically explain how defendant is to blame for plaintiff's failure to receive mail, in addition to providing plausible allegations that his mail is, in fact, being intercepted or otherwise blocked.

### IV. Immunity

The Court also observes that plaintiff may be attempting to bring claims against the attorney prosecuting his case. Prosecutorial immunity protects eligible government officials such as prosecutors when they are acting pursuant to their official role as advocate for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009) (giving examples where absolute immunity has applied, including when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of an application for a search warrant). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009).

If plaintiff wishes to continue to bring his claims, he must explain whether defendant is a prosecuting attorney and if so, how defendant has allegedly been acting outside his official capacity as the prosecutor.

### CONCLUSION AND DIRECTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, the Court will not serve plaintiff's proposed complaint and declines to rule on plaintiff's IFP motion at this time. If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court, including only claims challenging the conditions of his confinement. Plaintiff may also

file a separate § 2241 habeas petition challenging the fact or duration of his custody on the form provided by the Court, but if he does so he must clearly explain in the petition why his claims should not be dismissed as barred by *Younger*.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended proposed complaint on the form provided by the Court. The amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended proposed complaint to determine whether it states a claim upon which relief can be granted and contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended proposed complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended proposed complaint or fails to adequately address the issues raised herein on or before October 5, 2021, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915A.

1    The Clerk's office shall update the docket accordingly, including terminating the notice
2 of deficiency related to plaintiff's IFP motion. The Clerk's Office shall note the IFP motion for
3 consideration on October 5, 2021, and shall send a copy of this Order and the form complaint for
4 a prisoner-filed § 1983 action to plaintiff.
5    Dated this 7th day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge